**DEAN COAL COMPANY, Plaintiff-Appellee,**

v.

**UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.**

**W. R. PARTON d/b/a W. R. Parton Coal Company, Plaintiff-Appellee,**

v.

**UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.**

**Nos. 19610, 19611.**

United States Court of Appeals, Sixth Circuit.

Feb. 18, 1970.

E. H. Rayson, Knoxville, Tenn., for defendant-appellant.

John A. Rowntree, and Robert S. Young, Jr., Knoxville, Tenn., on brief, for plaintiffs-appellees.

Before EDWARDS, PECK and COMBS, Circuit Judges.

PER CURIAM.

We herein once again consider issues arising out of what one judge has referred to as "a spate of litigation between coal operators in [certain] Counties, Tennessee, and United Mine Workers of America * * * resulting from labor disputes that arose in 1955 and continued intermittently through 1959." Lewis v. Pennington, 257 F. Supp. 815, 817 (E.D.Tenn.1966). The two present cases were consolidated for trial with six others and were tried without a jury. Plaintiffs-appellees primarily sought recovery under the Sherman Act but their claims in this regard were dismissed. Lewis v. Pennington, *supra*; aff'd, 400 F.2d 806 (6th Cir. 1968), Pennington v. United Mine Workers etc., cert. denied, 393 U.S. 983, 89 S. Ct. 450, 21 L.Ed.2d 444 (1968). However, judgments were entered by the District Court on the common law counts but they were reversed by this Court and the six cases were remanded for further proceedings. Lewis v. Pennington, *supra*. On the remand, the

finding of liability was reaffirmed and judgments were entered in favor of plaintiffs-appellees for both compensatory and punitive damages. The two present appeals, which were combined for briefing, argument and consideration in this Court, were perfected from those judgments.

The two issues which are here presented concern liability and compensatory damages; no issue is raised with reference to the punitive damages allowed. With reference to the first of these issues, when these cases were last before us we stated (400 F.2d 816):

> "We are of the opinion that in this lengthy record of a protracted trial, including testimony of interference with hauling operations, verbal threats of work stoppages, the wanton discharge of firearms, the placing of a dynamite charge (albeit unexploded), distribution of gasoline in areas of frequent destruction by arson, all in a locality tense with fear and anger, evidence exists from which conspiracy to commit illegal violence could be found, and that evidence was presented upon which damages under Tennessee law could be predicated. As already indicated, however, we cannot on that record and from the District Court's opinion determine that the proper requirement as to the degree of proof was applied as to the elements essential to liability and recovery of damages in the amounts assessed. Accordingly, it is concluded that a remand for the purpose of reviewing the evidence in the light of the proper standard of proof is required.
>
> If liability is established upon remand, either by re-examination of the evidence in light of the proper standard or by confirmation that such standard had in fact been applied in the first instance, an award of damages attributable to the UMW's violence would of course be proper."

■ Upon remand, and responsive particularly to the last sentence just above quoted, in his extensive memorandum opinion the District Judge stated, "This Court intended to apply the 'clear proof' standard in its findings and conclusions contained in its original memorandum. We were familiar with that standard at the time the cases were tried. We now affirm our original findings that clear proof established that the defendant, * * * through its field representatives authorized, participated in, or ratified the wrongful acts of violence set out in this Court's original memorandum and that those acts of violence were the proximate cause of damage to plaintiffs Parton and Dean." A reexamination of the record satisfies us that there is sufficient evidence in the record to support Judge Taylor's determination that the issues resolved were established by the proper quantum of evidence.

■ Turning to the question of compensatory damages, we frankly observe that the evidence supporting the damage claims leaves much to be desired. On the other hand, it must be recognized that precision of computation in the areas of these claims is by their very nature made difficult of achievement. Judge Taylor's memorandum on remand clearly demonstrates the zeal with which he approached the task of determining compensatory damages and the fact that he was conscious of the mitigating factors as well as the affirmative elements of damage to be considered. As in the case of the liability issue, our reexamination of the record and the exhibits fails to disclose prejudicial error in the method of determination. In this regard, it seems not unfair to point out that while appellant is critical of the basis of determination, no alternative standards for a reassessment of damages by this Court or for use as guidelines in the event of a further remand are offered. Similarly, it is recalled that extensive questioning from the bench during oral argument failed to elicit any suggestion as to a more definitive yard-

stick for either of these purposes. We are accordingly compelled to the conclusion that the District Court's allowance of compensatory damages should not be disturbed.

Affirmed.